Michael S. Wolly
Jordan M. Kaplan (003452007)
**ZWERDLING, PAUL, KAHN & WOLLY, P.C.**
1025 Connecticut Ave., NW, Suite 712
Washington, D.C. 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-Mail: mwolly@zwerdling.com
E-Mail: jkaplan@zwerdling.com
*Attorneys for BLET*

Kevin C. Brodar
General Counsel
SMART-TD
24950 Country Club Blvd., Ste. 340
North Olmsted, OH 44070
Phone: (216) 228-9400
Fax: (216) 228-0937
E-Mail: kbrodar@smart-union.org
*Attorneys for SMART-TD*

Leonard C. Schiro, Esq.
**METS, SCHIRO, MCGOVERN & PARIS, L.L.P.**
555 U.S. Highway One South, Suite 320
Iselin, NJ 08830
Phone: (732) 636-0040
Fax: (732) 636-5705
E-Mail: lschiro@msmlaborlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN; and SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS – TRANSPORTATION DIVISION, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS CHRISTIE, Governor, State of New Jersey; CHRISTOPHER S. PORRINO, | Civil Action No. 3:17-cv-00137-FLW-LHG <br><br> **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

|  |  |
|---|---|
| Attorney General, State of New Jersey; and STEVEN H. SANTORO, Executive Director, NJ TRANSIT Corporation and President, New Jersey Transit Rail Operations, Inc., | * * * * * * |
| Defendants. | * * |

1. Plaintiffs are national labor organizations whose members are employed by New Jersey Transit Rail Operations, Inc. ("NJTRO") as locomotive engineers. Plaintiff Brotherhood of Locomotive Engineers and Trainmen ("BLET") is the duly recognized representative under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"), of NJTRO employees in the craft or class of locomotive engineers and maintains a collective bargaining agreement with NJTRO that governs the terms and conditions of employment of all employees working as locomotive engineers. Plaintiff Sheet Metal, Air, Rail and Transportation Workers – Transportation Division ("SMART-TD"), is the duly recognized representative under the RLA of NJTRO employees in the craft or class of conductors. Many NJTRO conductors who are members of SMART-TD also hold seniority as locomotive engineers and are able to exercise that seniority to fill vacancies that arise from time to time in the craft of locomotive engineers. Plaintiffs have filed this Complaint to protect the interests of their respective members and the employees they these organizations represent.

2. NJTRO is a carrier within the meaning of the RLA, 45 U.S.C. §151, First, the federal Rail Safety Act of 1970, 49 U.S.C. Section 20106, as amended by the Implementing Recommendations of the 9/11 Commission Act of 2007, Pub. L. 110–53, 121 STAT. 453 (Aug. 3, 2007) ("9/11 Act"), and the federal Rail Safety Improvement Act of 1988, Pub. L. 100–342, 102 STAT. 624 (Jun. 22, 1988) ("RSIA 1988"). NJTRO is organized under the laws of the

State of New Jersey ("the State") and operates an interstate passenger rail service between the State and New York.

3. Defendant Steven H. Santoro is the Executive Director of NJ TRANSIT Corporation, which is the parent of NJTRO, and the President of NJTRO. Defendant Sartoro is responsible for NJTRO's compliance with the laws of the State, including the Law at issue in this action.

4. Defendant Chris Christie is the Governor of the State, named in his official capacity, and is responsible for the enforcement of the laws of the State, including the Law at issue in this action.

5. Defendant Christopher S. Porrino is the Attorney General of the State, named in his official capacity, and is responsible for the enforcement of the laws of the State, including the Law at issue in this action.

6. This Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1337 because it arises under an Act of Congress regulating interstate commerce.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because all of the events giving rise to this action occurred within this judicial district and because the defendants reside in this judicial district.

8. On or about August 31, 2016, defendant Christie signed into law P.L. 2016, Chapter 33, Senate, No. 20, (the "State Law") that took effect immediately and revised Title 27 of the Revised Statutes of New Jersey by adding the following:

> C.27:25-5.21 Person with suspended driver's license prohibited from operating a train.
>
> A person whose driver's license is suspended or revoked for a violation of R.S.39:4-50, section 2 of P.L.1981, c.512 (C.39:4-50.4a), or a law of a substantially similar nature in another jurisdiction shall not operate, during the period of suspension or

    revocation, a locomotive or train provided by the New Jersey Transit Corporation, or any public or private entity under contract to the corporation.

9.  Prior to the enactment of the State Law, the federal government thoroughly addressed the issue of treatment of locomotive engineers whose drivers' licenses were suspended or revoked for operating a motor vehicle while under the influence of alcohol or a banned substance. The federal Rail Safety Act of 1970, as amended by the 9/11 Act, provides, in relevant part:

> (a) NATIONAL UNIFORMITY OF REGULATION.—
>
> (1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.
>
> (2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order—
>
> > (A) is necessary to eliminate or reduce an essentially local safety or security hazard;
> >
> > (B) is not incompatible with a law, regulation, or order of the United States Government; and
> >
> > (C) does not unreasonably burden interstate commerce.

49 U.S.C. Section 20106.

9.  Section 4 of RSIA 1988, which mandated the licensing or certification of locomotive engineers, specifically addresses the denial of certification or recertification to individuals whose driver's licenses had been suspended for operating a motor vehicle while under the influence. Section 4 provides in relevant part:

> (b) PROGRAM REQUIREMENTS.—The program established [for the licensing or certification of locomotive engineers]—
> \* \* \*

  (4) except as provided in subsection (c)(1) of this section, shall require consideration, to the extent the information is available, of the motor vehicle driving record of each individual seeking licensing or certification, including—

    (A) any denial, cancellation, revocation, or suspension of a motor vehicle operator's license by a State for cause within the prior 5 years; and

    (B) any conviction within the prior 5 years of an offense described in section 30304(a)(3)(A) or (B) of this title;

  (5) may require, based on the individual's driving record, disqualification or the granting of a license or certification conditioned on requirements the Secretary prescribes; and

  (6) shall require an individual seeking a license or certification—

    (A) to request the chief driver licensing official of each State in which the individual has held a motor vehicle operator's license within the prior 5 years to provide information about the individual's driving record to the individual's employer, prospective employer, or the Secretary, as the Secretary requires; and

    (B) to make the request provided for in section 30305(b)(4) of this title for information to be sent to the individual's employer, prospective employer, or the Secretary, as the Secretary requires.

(c) WAIVERS.—

  (1) The Secretary shall prescribe standards and establish procedures for waiving subsection (b)(4) of this section for an individual or class of individuals who the Secretary decides are not currently unfit to operate a locomotive. However, the Secretary may waive subsection (b)(4) for an individual or class of individuals with a conviction, cancellation, revocation, or suspension described in paragraph (2)(A) or (B) of this subsection only if the individual or class, after the conviction, cancellation, revocation, or suspension, successfully completes a rehabilitation program established by a railroad carrier or approved by the Secretary.

  (2) If an individual, after the conviction, cancellation, revocation, or suspension, successfully completes a rehabilitation program established by a railroad carrier or approved by the Secretary, the individual may not be denied a license or certification under subsection (b)(4) of this section because of—

    (A) a conviction for operating a motor vehicle when under the influence of, or impaired by, alcohol or a controlled substance; or

(B) the cancellation, revocation, or suspension of the individual's motor vehicle operator's license for operating a motor vehicle when under the influence of, or impaired by, alcohol or a controlled substance.

49 U.S.C. § 20135.

10. Section 206(b) of the National Driver Register Act of 1982 ("NDRA"), as amended by RSIA 1988 Section 4(b)(1), states:

> Any individual who is employed, or is seeking employment, by a rail carrier as an operator of a locomotive, may request the chief driver licensing official of a State to transmit information about the individual under subsection (a) of this section to the individual's employer or prospective employer or to the Secretary of Transportation. Information may not be obtained from the Register under this paragraph if the information was entered in the Register more than 3 years before the request, unless the information is about a revocation or suspension still in effect on the date of the request.

49 U.S.C. § 30305(b)(4).

11. Pursuant to the authority vested in it by RSIA 1988, the Federal Railroad Administration ("FRA") in 1991 issued rules that implemented the RSIA 1988 requirements. Section 240.111 of FRA's Rules provides:

> **§ 240.111  Individual's duty to furnish data on prior safety conduct as motor vehicle operator.**
>
> (a) Except for initial certifications under paragraphs (b), (h), or (i) of § 240.201 or for persons covered by § 240.109(h), each person seeking certification or recertification under this part shall, within 180 days preceding the date of the railroad's decision on certification or recertification: (1) Take the actions required by paragraphs (b) through (h) or paragraph (g) of this section to make information concerning his or her driving record available to the railroad that is considering such certification or recertification; and (2) Take any additional actions, including providing any necessary consent required by State or Federal law to make information concerning his or her driving record available to that railroad.
>
> (b) Each person seeking certification or recertification under this Part shall:
>
> (1) Request, in writing, that the chief of each driver licensing agency identified in paragraph (c) of this section provide a copy of that agency's available information concerning his or her driving record to the railroad that is considering such certification or recertification; and
>
> (2) Request, in accordance with the provisions of paragraph (d) or (e) of this section, that a check of the National Driver Register be performed to identify additional information concerning his or her driving record and that any resulting information be provided to that railroad.
>
> (c) Each person shall request the information required under paragraph (b)(1) of this section from:

6

(1) The chief of the driver licensing agency which last issued that person a driver's license; and

(2) The chief of the driver licensing agency of any other state or states that issued or reissued him or her a driver's license within the preceding five years.

(d) Each person shall request the information required under paragraph (b)(2) of this section from the Chief, National Driver Register, National Highway Traffic Safety Administration, 400 Seventh Street, SW., Washington, DC 20590 in accordance with the procedures contained in appendix C unless the person's motor vehicle driving license was issued by one of the driver licensing agencies identified in appendix D.

(e) If the person's motor vehicle driving license was issued by one of the driver licensing agencies identified in appendix D, the person shall request the chief of that driver licensing agency to perform a check of the National Driver Register for the possible existence of additional information concerning his or her driving record and to provide the resulting information to the railroad.

(f) If advised by the railroad that a driver licensing agency or the National Highway Traffic Safety Administration has informed the railroad that additional information concerning that person's driving history may exist in the files of a state agency not previously contacted in accordance with this section, such person shall:

(1) Request in writing that the chief of the state agency which compiled the information provide a copy of the available information to the prospective certifying railroad; and

(2) Take any additional action required by State or Federal law to obtain that additional information.

(g) Any person who has never obtained a motor vehicle driving license is not required to comply with the provisions of paragraph (b) of this section but shall notify the railroad of that fact in accordance with procedures of the railroad that comply with § 240.109(d).

(h) The actions required for compliance with paragraph (a) of this section shall be undertaken within the 180 days preceding the date of the railroad's decision concerning certification or recertification.

\* \* \*

49 C.F.R. § 240.111.

12. Section 240.115 of FRA's Rules provides, in pertinent part:

**§ 240.115 Criteria for consideration of prior safety conduct as a motor vehicle operator.**

(a) Each railroad's program shall include criteria and procedures for implementing this section.

7

>   (b) When evaluating a person's motor vehicle driving record, a railroad shall not consider information concerning motor vehicle driving incidents that occurred more than 30 months before the month in which the railroad is making its certification decision and shall only consider information concerning the following types of motor vehicle incidents:
>
>>   (1) A conviction for; or completed state action to cancel, revoke, suspend, or deny a motor vehicle drivers (sic) license for, operating a motor vehicle while under the influence of or impaired by alcohol or a controlled substance;
>>
>>   (2) A conviction for, or completed state action to cancel, revoke, suspend, or deny a motor vehicle driver's license for, refusal to undergo such testing as is required by State law when a law enforcement official seeks to determine whether a person is operating a vehicle while under the influence of alcohol or a controlled substance.
>
>   (c) If such an incident is identified,
>
>>   (1) The railroad shall provide the data to the railroad's EAP Counselor, together with any information concerning the person's railroad service record, and shall refer the person for evaluation to determine if the person has an active substance abuse disorder;
>>
>>   (2) The person shall cooperate in the evaluation and shall provide any requested records of prior counseling or treatment for review exclusively by the EAP Counselor in the context of such evaluation; and
>>
>>   (3) If the person is evaluated as not currently affected by an active substance abuse disorder, the subject data shall not be considered further with respect to certification. However, the railroad shall, on recommendation of the EAP Counselor, condition certification upon participation in any needed aftercare and/or follow-up testing for alcohol or drugs deemed necessary by the EAP Counselor consistent with the technical standards specified in § 240.119(d)(3) of this part.
>>
>>   (4) If the person is evaluated as currently affected by an active substance abuse disorder, the person shall not be currently certified and the provisions of § 240.119(b) will apply.
>
> * * *
>
>   (h) Each certified locomotive engineer or person seeking initial certification shall report motor vehicle incidents described in § 240.115 (b)(1) and (2) to the employing railroad within 48 hours of being convicted for, or completed state action to cancel, revoke, suspend, or deny a motor vehicle drivers (sic) license for, such violations. For the purposes of engineer certification, no railroad shall require reporting earlier than 48 hours after the conviction, or completed state action to cancel, revoke, or deny a motor vehicle drivers (sic) license.

49 C.F.R. § 240.115(h).

13.   Section 240.119 of FRA's Rules provides, in pertinent part:

8

### § 240.119  Criteria for consideration of data on substance abuse disorders and alcohol drug rules compliance.

\* \* \*

(b) *Fitness requirement.*

(1) A person who has an active substance abuse disorder shall not be currently certified as a locomotive engineer.

(2) Except as provided in paragraph (e) of this section, a certified engineer who is determined to have an active substance abuse disorder shall be suspended from certification. Consistent with other provisions of this part, certification may be reinstated as provided in paragraph (d) of this section.

(3) In the case of a current employee of the railroad evaluated as having an active substance abuse disorder (including a person identified under the procedures of § 240.115), the employee may, if otherwise eligible, voluntarily self-refer for substance abuse counseling or treatment under the policy required by § 219.403 of this chapter; and the railroad shall then treat the substance abuse evaluation as confidential except with respect to current ineligibility for certification.

\* \* \*

(d) *Future eligibility to hold certificate following alcohol/drug violation.* The following requirements apply to a person who has been denied certification or who has had certification suspended or revoked as a result of conduct described in paragraph (c) of this section:

(1) The person shall not be eligible for grant or reinstatement of the certificate unless and until the person has—

(i) Been evaluated by an EAP Counselor to determine if the person currently has an active substance abuse disorder;

(ii) Successfully completed any program of counseling or treatment determined to be necessary by the EAP Counselor prior to return to service; and

(iii) Presented a urine sample for testing under Subpart H of this Part that tested negative for controlled substances assayed and has tested negative for alcohol under paragraph (d)(4) of this section.

(2) An engineer placed in service or returned to service under the above-stated conditions shall continue in any program of counseling or treatment deemed necessary by the EAP Counselor and shall be subject to a reasonable program of follow-up alcohol and drug testing without prior notice for a period of not more than 60 months following return to service. Follow-up tests shall include not fewer than 6 alcohol tests and 6 drug tests during the first 12 months following return to service.

\*\*\*

> (6) This paragraph does not create an entitlement to utilize the services of a railroad EAP Counselor, to be afforded leave from employment for counseling or treatment, or to employment as a locomotive engineer. Nor does it restrict any discretion available to the railroad to take disciplinary action based on conduct described herein.
>
> (e) *Confidentiality protected.* Nothing in this part shall affect the responsibility of the railroad under § 219.403 of this chapter ("Voluntary Referral Policy") to treat voluntary referrals for substance abuse counseling and treatment as confidential; and the certification status of an engineer who is successfully assisted under the procedures of that section shall not be adversely affected. However, the railroad shall include in its voluntary referral policy required to be issued pursuant to § 219.403 of this chapter a provision that, at least with respect to a certified locomotive engineer or a candidate for certification, the policy of confidentiality is waived (to the extent that the railroad shall receive from the EAP Counselor official notice of the substance abuse disorder and shall suspend or revoke the certification, as appropriate) if the person at any time refuses to cooperate in a recommended course of counseling or treatment.

49 C.F.R. § 240.119.

14. The 2016 State Law is preempted by RSIA 2008 and the Rules promulgated by the FRA.

15. The 2016 State Law is not "necessary to eliminate or reduce an essentially local safety … hazard."

16. The 2016 State Law is "incompatible with a law, regulation, or order of the United States Government."

17. The 2016 State law "unreasonably burden[s] interstate commerce."

WHEREFORE, Plaintiffs ask for judgment against Defendants and respectfully pray that the Court:

A. Issue a judgment declaring that the State Law is preempted by the RSIA 1988 and thus does not apply to individuals employed by NJTRO; and

B. Enjoin the Defendants from enforcing or otherwise applying the State Law against any of the members of the Plaintiffs who are employed as locomotive engineers; and

C. Issue such other relief as the Court may deem just and appropriate in the circumstances.

Respectfully submitted,

/s/ Michael S. Wolly
Michael S. Wolly (*pro hac vice*)
**ZWERDLING, PAUL, KAHN & WOLLY, P.C.**
1025 Connecticut Ave., NW, Suite 712
Washington, D.C. 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-Mail: mwolly@zwerdling.com
*Attorneys for BLET*

Kevin C. Brodar
General Counsel
SMART-TD
24950 Country Club Blvd., Ste. 340
North Olmsted, OH 44070
Phone: (216) 228-9400
Fax: (216) 228-0937
E-Mail: kbrodar@smart-union.org
*Attorneys for SMART-TD*

/s/ Leonard C. Schiro
Leonard C. Schiro, Esq.
**METS, SCHIRO, MCGOVERN & PARIS, L.L.P.**
555 U.S. Highway One South, Suite 320
Iselin, NJ 08830
Phone: (732) 636-0040
Fax: (732) 636-5705
E-Mail: lschiro@msmlaborlaw.com

*Attorneys for Plaintiffs*